# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5059 | **DATE** | 1/25/2001 |
| **CASE TITLE** | Weigand, et al. Vs. Village of Tinley Park, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion for a permanent injunction is granted. Plaintiffs' motion for declaratory relief, holding Tinley Park Municipal Code 99.013 to be facially and otherwise unconstitutional is also granted. Accordingly, the defendants are enjoined from reenacting the ordinance 99.013. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 2/23/01 and trial set for 3/5/01 are vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 26 2001 date docketed | |
| | Docketing to mail notices. | | | 21 |
| ✓ | Mail AO 450 form. | (//) | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/25/2001 | |
| MPJ | courtroom deputy's initials | 01 JAN 25 PM 5:13 | date mailed notice MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KAREN WEIGAND, individually and as )
guardian of Kelly and David Weigand; )
BETH WALKER, individually and as )
guardian of Andrew, Carolyn, and )
Stephanie Walker; WILLIAM MARTENS, )
individually and as guardian of )
Zachary and Samantha Martens; MICHAEL )
and SUSAN TULLEY, individually and as )
guardian of Ashlee, Lindsay, and )
Jessica Tulley; JAMES and MARIAN )
BEISADECKI, individually and as )
guardian of Amber, Laura, and Jenny )
Biesadecki; ANTHONY and RITA )
LOFFREDO, individually and as )
guardian of Ashley, Jeff, Kara, Katie )
Loffredo; GLENN and LAURIE HENCHEL, )
individually and as guardian of Jimmy )
and Dana Henchel; ROLAND and YVETTE )
ROWE, individually and as guardian of )
Ronny and Ryan Rowe; DENNIS G. )
SUPANICH; ROSE and ROBERT SAKANIS, )
individually and as guardian of )
Jonathan and Dawn Sakanis, )
)
      Plaintiffs, )
) No. 00 C 5059
  v. )
)
VILLAGE OF TINLEY PARK, a municipal )
corporation and body politic, EDWARD )
ZABROCKI, Village President, PATRICK )
REA, DAVID SEAMAN, GREGORY HANNON, )
MICHAEL BETTENHAUSEN, MATTHEW )
HEFFERAN, and BRIAN MAHER, Trustees, )
in their offical capacities as )
corporate trustees, )
)
      Defendants. )

DOCKETED
JAN 26 2001

## MEMORANDUM OPINION AND ORDER

On September 21, 2000, I issued a preliminary injunction against the enforcement of an ordinance of the Village of Tinley Park, Illinois, Tinley Park Munic. Code § 99.013, that prohibited playing games in public places, including streets, sidewalks,

21

schoolyards, parks, and bodies of water (the "ordinance").[1] *See Weigand v. Tinley Park,* 114 F. Supp.2d 734 (N.D. Ill. 2000). I held that the plaintiffs, some of whom had been ticketed for "parental irresponsibility" for allowing their children to play in a cul-de-sac in violation of the ordinance, had shown a reasonable likelihood of success in showing that the ordinance was facially unconstitutional, infringing on the fundamental right to assemble, and failing even to have a rational basis. *Id.* at 736-38. I stated that further relief requested, including attorneys's fees, damages, and permanent injunctive and declaratory relief would be considered after a hearing. At the hearing, the defendants indicated that the ordinance had been repealed in early October 2000. The plaintiffs now move for a permanent injunction. The defendants oppose this as moot in view of the repeal. I grant the permanent injunction.

For me to award permanent injunctive relief, the plaintiffs must demonstrate that (1) they have succeeded on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonprevailing party will suffer if the injunction is granted; and

---

[1] The ordinance makes it unlawful "to play any games upon any street, alley, or sidewalk, or other public places except when a block party permit has been issued by the President and the Board of Trustees." Tinley Park Munic. Ord. Code § 99.013. Section 10.02 of the Village Ordinances defines "public place" to include "any street, sidewalk, park, cemetery, school yard, or body of water."

-2-

(5) the injunction will not harm the public interest. *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1081 (7th Cir. 1998). These requirements are satisfied here.

First, the plaintiffs prevail on the merits for the reasons explained in my previous opinion. The ordinance is constitutionally infirm: it is hopelessly vague and substantially overbroad, because there is no attempt to explain what is meant by "game," and because it prohibits a tremendous number of innocent and even desirable activities in venues specifically designed for those purposes, such as schoolyards and parks. The ordinance flunks the strict scrutiny test because it is facially violative of the First Amendment right to peaceable assembly, and probably to free speech as well. It prohibits clearly protected core political speech and assembly. It is not a reasonable time, place, and manner restriction, but a blanket prohibition. I cannot imagine a plausible limiting construction that a state court might apply to cure these defects. *See Schultz v. City of Cumberland*, 228 F.3d 831, 848 (7th Cir. 2000) (invalidation for overbreadth proper only when a limiting construction is not readily available). Moreover, the ordinance even flunks rational basis review. Although under rational basis review, I "must uphold the challenged [legislation] if there is a rational relationship between the disparity of treatment and some legitimate government purpose," *Heller v. Doe*, 509 U.S. 312, 320 (1993), I cannot imagine any "conceivable basis" in or out of the

-3-

record, *see id.*, that might support the ordinance. The defendants have not suggested any point to requiring a permit for children to play in a playground, park, or pool, for example, and I can imagine none. According, I declare that the ordinance is unconstitutional and invalid. The other requirements are satisfied for the reasons set forth in my previous opinion and need not be repeated here.

The defendants do not actually contest any of this, arguing rather that I lack jurisdiction because the controversy is moot. They say that they repealed the ordinance, so there is nothing left to enjoin. The defendants rightly contend that under Article III, there must be a live case or controversy at every stage of the litigation, *Gollust v. Mendell*, 501 U.S. 115, 125 (1991), and that attorney's fees alone do not provide enough of an interest to prevent a dismissal for mootness. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990). The test for mootness in a case like this is to show that the relief sought would make a difference to the plaintiff's legal interests. Where a challenged state action is "capable of repetition yet evading review," *see Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)(creating an exception to mootness), there must be a 'demonstrated probability' that the same party will again be subject to the challenged action." *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990) (*citing Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). The defendants say that they have repealed the ordinance and "the plaintiff[s] ha[ve] not

provided the requisite demonstrative probability of its reenactment."

However, the plaintiffs point out that the Supreme Court has held that voluntary cessation of illegal conduct does not by itself moot a case. *See United States v. W.T. Grant Co.*, 345 U.S. 629 (1953). The Court explained that:

> A controversy may remain to be settled in such circumstances, e.g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices settled, militates against a mootness conclusion. For to say that the case has become moot means that the defendant is entitled to a dismissal as a matter of right. The courts have rightly refused to grant defendants such a powerful weapon . . . .

*Id.* at 632. Moreover, "[i]t is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is probability of resumption." *Id.* n.5 (antitrust context). As the Seventh Circuit says, "while voluntary cessation of unlawful activity and promises not to engage in that activity in the future are relevant . . . , they do not lead inevitably to the conclusion that an injunction is unnecessary." *United States v. Raymond*, 228 F.3d 804, 814 (7th Cir. 2000).

The defendants argue that they did more than voluntarily cease the illegal conduct, namely, the *enforcement* of the ordinance; they also repealed it. But this construes the nature of the plaintiffs' complaint too narrowly: they mounted a facial challenge to the

-5-

constitutionality of the ordinance and did not object merely to its enforcement. They objected to its existence. Repeal therefore amounted merely to cessation of the challenged conduct.

Now, normally, as the defendants say, repeal of a statute in a way that satisfies all of the plaintiffs' complaints will warrant a finding of mootness because that legislative change makes it unlikely that the wrong will be repeated. *See, e.g., Lewis*, 494 U.S. at 480 (statutory amendment context). Here, however, we have the bare fact of repeal only. In *Raymond*, the Seventh Circuit stated that in considering whether a permanent injunction was proper even after voluntary cessation of illegal activity, I am to take into account: "(1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation and his degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve him in such transaction; (4) the defendant's recognition of his own culpability; and (5) the sincerity of his assurances against future violations." 228 F.3d at 813 (citations omitted).

Here, the harm involved--confining the children of Tinley Park to their homes or yards for most of a summer because they were not permitted to play in public places--was considerable. The defendants' participation was not minor: it was their ordinance, and they enforced it; and it is hard to believe that they did not

know it was unlawful. Any reasonable official would have known, and the unlawfulness of the ordinance was egregious enough that I might infer that the defendants *did* know. The infraction was not isolated: several persons were ticketed for the offense of "parental irresponsibility" because they allowed their children to play in public places in violation of this ordinance. The defendants have not recognized their culpability. They do not admit that the ordinance was unconstitutional or that it was wrong to attempt to enforce it. They do not even offer "protestations of repentance and reform," *Grant*, 345 U.S. at 632 n.5.

Finally, and most significantly, the defendants refuse to offer any assurance against future violations. They do not make an official statement that the ordinance, or something like it, will not be reinstated. They have not said as much to the plaintiffs. They did not offer to me, either at the hearing or in their written submissions to the court, any such statement or assurance.

I find that the plaintiffs have demonstrated a reasonable probability of repetition, and have shown that the *Raymond* criteria are fulfilled. Therefore the case is not moot. Because the defendants have not contested the merits, on which the plaintiffs have prevailed in any event, I GRANT the motion for declaratory relief, holding Tinley Park Municipal Code § 99.013 to be facially and otherwise unconstitutional, and I GRANT the motion for a

permanent injunction. The defendants are enjoined from reenacting the ordinance.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

**Elaine E. Bucklo**
United States District Judge

Dated: January 25, 2001

Copies have been mailed to:

Burton S. Odelson
Odelson & Sterk, Ltd.
3318 W. 95th Street
Evergreen Park, IL 60805

Attorney for Plaintiffs

Russell W. Hartigan
Hartigan & Cuisinier
134 N. LaSalle Street, #1800
Chicago, IL 60602

Attorney for Defendants